**\*E-Filed 03/31/2010\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DORIAN W. GRAY, | No. C 10-00483 RS |
| Plaintiff, | |
| v. | **TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE** |
| CENTRAL MORTGAGE COMPANY, d/b/a CENTRAL MORTGAGE LOAN SERVICING COMPANY; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; PATRIOT FINANCIAL CORPORATION; MTC FINANCIAL INC., d/b/a TRUSTEE CORPS; and ALVIN BROWN, | |
| Defendants. | |

## I. INTRODUCTION

In February 2010, Plaintiff Dorian W. Gray filed a complaint alleging violations of the Real Estate Settlement Procedures Act ("RESPA"). He now applies for a temporary restraining order ("TRO") to enjoin defendants Central Mortgage Company, d/b/a Central Mortgage Loan Servicing Company ("Central") and MTC Financial Inc., d/b/a Trustee Corps ("Trustee Corps") from proceeding with a foreclosure sale of his residence, located at 5753 Oakmont Drive, Richmond, California, 94806. Gray represents that the foreclosure sale is currently scheduled for April 2, 2010.

## II. LEGAL STANDARD

Issuance of temporary restraining orders is governed by Federal Rule of Civil Procedure 65(b). Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 129 S. Ct. 365, 376 (2008); *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982). "The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter* 129 S. Ct. at 374).

Rule 65(b)(1) imposes special duties upon the Court when issuing a TRO without notice to the opposing party. This rule, however, is not applicable here, as the TRO application was filed nearly two months ago and the docket contains certificates indicating personal service was made upon Central and Trustee Corps, the defendants sought to be enjoined herein.

## III. ANALYSIS

The first element to be considered under *Winter* is the likelihood of Gray's success on the merits. In this analysis, the allegations of the complaint are to be taken as true. *Hughes v. Wells Fargo Bank, N.A.*, 2009 WL 5174987 at *1 (D. Ariz. Dec. 18, 2009); *El-Shaddai v. Woodford*, 2006 WL 3087091, at *1 (E.D. Cal. Oct. 30, 2006). Here, Gray alleges defendants violated RESPA in the following ways, among others: (1) failing to provide written responses to two qualified written requests ("QWRs") from Gray;[1] (2) failing to provide a servicing statement at the loan's inception;[2]

---

[1] 12 U.S.C. § 2605(e)(1)(A) provides: "If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days." Subsection (e)(2) adds, "Not later than 60 days . . . after the receipt from any borrower of any qualified written request . . . and, if applicable, before taking any action with respect to the inquiry of the borrower, the servicer shall . . . provide the borrower with a written explanation or clarification."

[2] 12 U.S.C. § 2605(a) provides: "Each person who makes a federally related mortgage loan shall disclose to each person who applies for the loan, at the time of application for the loan, whether the

1   and (3) providing information to consumer reporting agencies regarding Gray's allegedly overdue

2   payments during the 60 day period while his QWRs were pending.[3]  If Gray's factual allegations are

3   taken as true, they implicate RESPA.  Therefore, he has shown the requisite likelihood of success on

4   the merits.  Adding to this likelihood, moreover, is the fact that Central has made no appearance in

5   this case, and the Clerk has entered default against it.

6         The second element in the analysis is the likelihood that Gray will suffer irreparable harm in

7   the absence of a TRO.  It is beyond cavil that this element is present; the real property at issue in the

8   foreclosure is indisputably Gray's principal residence.  Without it, he claims, he will be homeless.

9         The third element is whether the balance of equities tips in Gray's favor.  Taking as true the

10  complaint's allegations concerning the RESPA violations that allegedly occurred, equitable

11  concerns dictate that foreclosure proceedings should be halted while the concerns raised by the

12  complaint are addressed in court.

13        The final consideration is whether a TRO is in the public interest.  Given the current

14  widespread financial crisis, high unemployment, and the attendant plummet in home values, as well

15  as the risk that Gray's homelessness could result in his total reliance upon taxpayer-funded social

16  services, the public interest favors keeping him in his home while the instant lawsuit proceeds, at

17  least for the 14-day TRO period.  As all of these elements tip in Gray's favor, his application for a

18  temporary restraining order is persuasive and will be granted.

19        Rule 65(c) states that this Court may issue a TRO "only if the movant gives security in an

20  amount that the court considers proper to pay the costs and damages sustained by any party found to

21  have been wrongfully enjoined or restrained."  Fed. R. Civ. P. 65(c).  As of this date, Gray has

22  posted no such security.  While the literal language of Rule 65(c) suggests that a restraining order

23  will not be issued without security by the applicant, a district court has wide discretion in setting the

---

servicing of the loan may be assigned, sold, or transferred to any other person at any time while the loan is outstanding."

[3] 12 U.S.C. § 2605(e)(3) provides: "During the 60-day period beginning on the date of the servicer's receipt from any borrower of a qualified written request relating to a dispute regarding the borrower's payments, a servicer may not provide information regarding any overdue payment, owed by such borrower and relating to such period or qualified written request, to any consumer reporting agency."

No. C 10-00483 RS
TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

3

amount of a bond.  *See Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 882 (9th Cir. 2003).  Here, if the defendants did indeed issue a valid loan to Gray, then such loan is adequately secured by the very property in question.  Hence, additional security is neither appropriate nor warranted.  *See Phleger v. Countrywide Home Loans, Inc.*, 2007 WL 4105672, at *6 (N.D. Cal. Nov. 16, 2007).

## IV.  CONCLUSION

Because Gray has demonstrated that he will likely suffer immediate irreparable injury as a result of the foreclosure sale, the Court GRANTS Gray's application for a temporary restraining order and ORDERS as follows:

1. Defendants CENTRAL MORTGAGE COMPANY, d/b/a CENTRAL MORTGAGE LOAN SERVICING COMPANY, and MTC FINANCIAL, d/b/a TRUSTEE CORPS, and their agents, servants, employees, representatives, and all persons acting in concert or participating with them, are ENJOINED from carrying out a trustee's sale of the real property located at 5753 Oakmont Drive, Richmond, California, 94806 and from engaging in, committing or performing, directly or indirectly, the selling, transferring, conveying, or engaging in any other conduct adverse to Gray regarding the real property.

2. This order shall be binding upon the parties to this action and all other persons or entities who receive actual notice of this order by personal service or otherwise.

3. Defendants are ORDERED to SHOW CAUSE why they and their agents, servants, employees, representatives, and all persons acting in concert or participating with them should not be enjoined or restrained during the pendency of this action from engaging in, committing or performing, directly or indirectly, the selling, transferring, conveying, or engaging in any other conduct adverse to Gray regarding the real property located at 5753 Oakmont Drive, Richmond, California.

4. Defendants may file a written response to this order to show cause on or before **April 12, 2010**.  On **April 14, 2010, at 1:30 p.m.**, all parties to this case shall appear for a

preliminary injunction hearing in Courtroom 3, 17th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA.

5. Absent further action from the Court, this Temporary Restraining Order will expire on the date of the show cause hearing.

6. The hearing scheduled before this Court on Thursday, **April 1, 2010**, is vacated.

IT IS SO ORDERED.

Dated: 03/31/2010
Time: 10:10 a.m.

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE