**United States District Court**
For the Northern District of California

*E-Filed 4/14/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DORIAN W. GRAY, | No. C 10-00483 RS |
| Plaintiff, | **ORDER LIFTING TEMPORARY RESTRAINING ORDER AND DENYING MOTION FOR PRELIMINARY INJUNCTION** |
| v. | |
| CENTRAL MORTGAGE COMPANY, d/b/a CENTRAL MORTGAGE LOAN SERVICING COMPANY; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; PATRIOT FINANCIAL CORPORATION; MTC FINANCIAL INC., d/b/a TRUSTEE CORPS; and ALVIN BROWN, | |
| Defendants. | |

This case concerns a dispute over a promissory note signed by plaintiff Dorian W. Gray. As security for the note, he executed a deed of trust on his home, located at 5753 Oakmont Drive, Richmond, California. The Court issued a temporary restraining order ("TRO") enjoining foreclosure of the home. For the reasons stated herein, that order is dissolved and Gray's subsequent motion for a preliminary injunction is denied.

I. BACKGROUND

**United States District Court**
For the Northern District of California

1    According to the complaint and accompanying exhibits and declarations, Gray purchased his

2  home in December 2005.  Shortly thereafter, in early January 2006, he signed an adjustable rate

3  promissory note for $638,910.00.  The lender was Downey Savings and Loan ("Downey").  *See*

4  Adjustable Rate Note, Exh 1. to Complaint.  The loan was secured by a deed of trust on the

5  residence and was brokered by defendant Alvin Brown, an employee of defendant Patriot Financial

6  Corp.  Under the terms of the note, Gray's monthly payment was set at $2,361.54.  *Id.* at 2.

7  Allegedly, the loan documents did not contain a servicing notice, as required by RESPA, 12 U.S.C.

8  § 2605(a).

9    After about a year, the adjustable rate kicked in, and the amount due on Gray's monthly

10  payments nearly doubled, to an amount Gray was unable to afford.  At this time, Gray sought and

11  obtained copies of all his original loan documents, many of which, he alleges, had not been provided

12  to him when he signed the promissory note.  Gray claims to have found significant discrepancies

13  when he reviewed these documents.  For example, there was a letter describing the nature of Gray's

14  business and purporting to bear his signature, which he alleges he never signed.  Exh. 2 to Gray

15  Declaration.  Also troubling was a letter from an individual named Gregory Hoofkin of Precise

16  Business Services, who stated that he was Gray's accountant and that he had completed Gray's tax

17  returns for seven years.  Exh. 3 to Gray Declaration.  Gray, however, states that he has never met

18  this individual nor engaged his services as an accountant.  Both letters were addressed "To Whom It

19  May Concern," and appear to have been forwarded by Patriot, the mortgage broker, to Downey, the

20  lender, as inducements to grant Gray's loan application.

21    By February 10, 2009, three years after he had signed the original promissory note, Gray

22  was told he was $37,468.33 in arrears.  In May 2009, he received a notice of default from defendant

23  Trustee Corps, who represented that it was acting to secure obligations in favor of Downey.  Notice

24  of Default, Exh. 3 to Complaint.

25    During the course of these events, Gray's promissory note was being passed from lender to

26  lender.  In November 2006, Downey assigned the Deed of Trust to defendant Mortgage Electronic

27  Registration Systems, Inc. ("MERS").  *See* Assignment of Deed of Trust, Exh. 2 to Complaint.  In

28

No. C 10-00483 RS
ORDER

2

**United States District Court**
For the Northern District of California

1    September 2009, MERS assigned the Deed of Trust to defendant Central Mortgage Company

2    ("Central"), and substituted DSL Service Company as Trustee.  Exh. 4 to Complaint.  On the same

3    day in September, Central re-substituted Trustee Corps as trustee.   Exh. 5 to Complaint.

4         On October 15, 2009, Trustee Corps scheduled a trustee sale for November 11, 2009.  Notice

5    of Trustee's Sale, Exh. 6 to Complaint.  On both November 5, 2009, and December 4, 2009, Gray

6    sent Central a Qualified Written Request ("QWR") pursuant to RESPA, 12 U.S.C. § 2605(e).

7    RESPA requires Central, as loan servicer, to "provide a written response acknowledging receipt of

8    the correspondence within 20 days" and to respond substantively within 60 days.  12 U.S.C. §

9    2605(e)(1)(A) and (e)(2).  Central, however, responded to neither of the two QWRs.  Moreover,

10   according to Gray, during this time Central began notifying consumer credit agencies of his

11   arrearages, which severely impacted Gray's credit score.

12        In February 2010, Gray filed a complaint alleging violations of the Real Estate Settlement

13   Procedures Act ("RESPA") and applied for a TRO and a preliminary injunction to prevent the

14   foreclosure of his residence.  On March 31, 2010, the Court granted the request for a TRO.  The

15   TRO has now expired, and Gray now moves for a preliminary injunction.  The motion was heard on

16   April 14, 2010.

## II.  LEGAL STANDARD

18        Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never

19   awarded as of right."  *Winter v. Natural Res. Defense Council*, 129 S. Ct. 365, 376 (2008);

20   *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982).  "A plaintiff seeking a preliminary

21   injunction must establish that he is likely to succeed on the merits, that he is likely to suffer

22   irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor,

23   and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*,

24   559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter* 129 S. Ct. at 374).

25        Moreover, "[a] preliminary injunction is generally only available if injunctive relief is

26   appropriate in the first instance."  *Chung v. NBGI, Inc.*, No. 09-04878 MHP, 2010 WL 841297

27   (N.D. Cal. Mar. 10, 2010); *see Amoco Production Co. v. Village of Gambell, AK*, 480 U.S. 531, 546

28

No. C 10-00483 RS
ORDER

**United States District Court**
For the Northern District of California

1  n. 12, (1987) ("The standard for a preliminary injunction is essentially the same as for a permanent

2  injunction with the exception that the plaintiff must show a likelihood of success on the merits

3  rather than actual success."); *Sims Snowboards, Inc. v. Kelly*, 863 F.2d 643, 647 (9th Cir. 1988) (in

4  case involving diverse parties and state law claims, holding that preliminary injunction could not be

5  granted if such remedy was not available under state law).  Therefore, the question before the Court

6  is not only whether Gray is likely to succeed in proving that the defendants violated RESPA, but

7  whether he is likely to receive injunctive relief as a remedy for any such violation.

III.  DISCUSSION

9  The *Winter* factors were considered in the TRO.  That order concluded all four factors

10  weighed in Gray's favor, and no new argument or documentation has been submitted in the ensuing

11  time period that would prompt the Court to change its mind.  *See* Temporary Restraining Order at

12  2-3.  More questionable at this juncture, however, is whether Gray's RESPA claims, even if he

13  succeeded on them, would entitle him to enjoin foreclosure and stay in his home.

14  12 U.S.C. § 2605, which is the section of RESPA upon which Gray relies, contains its own

15  damages and costs section.  12 U.S.C. § 2605(f).  That section provides that individuals damaged by

16  a RESPA violation are entitled to receive actual damages, as well as any additional damages the

17  court may allow "in the case of a pattern or practice of noncompliance with the requirements of this

18  section, in an amount not to exceed $1,000."  12 U.S.C. § 2605(f)(1)(A) & (B).  Costs and

19  reasonable attorney fees are also available to successful RESPA plaintiffs.  12 U.S.C. § 2605(f)(3).

20  None of these remedies, however, would permit an injunction against foreclosure.  Numerous

21  district courts have denied preliminary injunctions to RESPA plaintiffs on this basis.  *E.g.*, *Chung*,

22  2010 WL 841297 at *3; *Montes v. Quality Loan Service Corp.*, No. CV 09-5864 PSG (RCx), 2010

23  WL 114485, at *2 (C.D. Cal. Jan. 5, 2010); *Pettie v. Saxon Mtg. Servs.*, No. C08-5089RBL, 2009

24  WL 1325947, at *3 (W.D. Wash. May 12, 2009).  For this reason, Gray's motion for a preliminary

25  injunction is ultimately not viable.

IV.  CONCLUSION

NO. C 10-00483 RS
ORDER

4

1      Gray's motion for a preliminary injunction is accordingly denied.  The temporary restraining

2  order entered March 31, 2010, is hereby dissolved.

3

4

5      IT IS SO ORDERED.

6

7  Dated: 4/14/2010

8

9                                    RICHARD SEEBORG
                                     UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                              No. C 10-00483 RS
                                                              ORDER

**United States District Court**
For the Northern District of California

5