**United States District Court**
For the Northern District of California

**\*E-Filed 04/21/2010\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DORIAN W. GRAY, | No. C 10-00483 RS |
| Plaintiff, | **ORDER RE: STIPULATIONS** |
| v. | |
| CENTRAL MORTGAGE COMPANY, d/b/a CENTRAL MORTGAGE LOAN SERVICING COMPANY; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; PATRIOT FINANCIAL CORPORATION; MTC FINANCIAL INC., d/b/a TRUSTEE CORPS; and ALVIN BROWN, | |
| Defendants. | |

On February 3, 2010, plaintiff Dorian W. Gray filed a complaint against defendants Central Mortgage Company, d/b/a Central Mortgage Loan Servicing Company ("Central"); Mortgage Electronic Registration Systems, Inc. ("MERS"); Patriot Financial Corporation; MTC Financial Inc., d/b/a Trustee Corps ("Trustee Corps"); and Alvin Brown. The complaint alleged that defendants had violated the Real Estate Settlement Procedures Act ("RESPA"), specifically 12 U.S.C. § 2605, in relation to a mortgage loan on Gray's home. Gray requested a temporary restraining order ("TRO") and preliminary injunction to halt foreclosure proceedings.

The Court initially issued a TRO but dissolved it after an April 14, 2010, hearing. Likewise, Gray's request for a preliminary injunction was also denied. *See* Orders of April 14, 2010 and March 31, 2010. On April 19, 2010, five days after the TRO was dissolved and the request for the

preliminary injunction was denied, the parties filed two stipulations.  Both purportedly were signed by Gray on April 12, 2010, and by Central and MERS on April 14, 2010.  The first is a stipulation to continue the April 14, 2010 hearing to July 8, 2010 and to extend the TRO until this time.  The second is a stipulation to set aside a March 11, 2010, entry of default against Central.  Several responsive documents from Central, including a motion to dismiss, are attached as exhibits.

While the Court is not opposed, in principle, to the first stipulation, it cannot be approved as it stands:  the hearing which it purports to continue occurred five days ago, and the TRO which it purports to extend has been dissolved.[1]  Should the signatory parties—Gray, Central, and MERS—wish to obtain Court approval for the informal agreement not to foreclose which they have apparently struck among themselves, they should submit a stipulation for the Court's signature which sets forth in detail the provisions to which they agree.  The revised stipulation should be filed no more than seven calendar days from the entry of this order.

The second stipulation, in which the parties jointly request the Court to set aside entry of default, is less problematic than the first.  As it appears likely, however, that Gray has only agreed to the withdrawal of default in exchange for a Court-approved halt to his foreclosure proceedings, approval of the second stipulation will be deferred pending submission of the revised stipulation set forth above.

IT IS SO ORDERED.

Dated: 04/21/2010

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[1] Another potential problem with the stipulation is that only two of the five defendants have actually signed it.  This problem is mitigated by the fact that two of the defendants—Patriot Financial Corporation and Alvin Brown—have not been served and are not yet a part of this lawsuit. The remaining defendant, Trustee Corps, has been served and has appeared, but it has declared its non-monetary status and willingness to be bound by the Court's orders.

No. C 10-00483 RS
ORDER

2