*E-Filed 9/1/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DORIAN W. GRAY,<br><br>      Plaintiff,<br>  v.<br><br>CENTRAL MORTGAGE COMPANY, et al.,<br><br>      Defendants.<br>_____/ | No. C 10-00483 RS<br><br>**ORDER DENYING MOTION TO STRIKE STIPULATION; ORDER DENYING MOTIONS TO DISMISS AND TO STRIKE, WITHOUT PREJUDICE; ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR LACK OF STANDING** |

      Plaintiff Dorian Gray brought this action seeking injunctive relief to halt the non-judicial foreclosure of his home, and for damages arising from alleged violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 et seq. ("RESPA") and fraud.[1] After the Court dissolved a temporary restraining order it had imposed enjoining foreclosure, the trustee's sale went forward on July 8, 2010, and defendant Central Mortgage Company purchased the property.

---

[1] The First Amended complaint asserts an intention to allege violations of the Truth in Lending Act ("TILA") and other lending regulations, once he "receives the information required to be provided to him." First Amended Complaint, ¶ 17. While Gray's opposition to defendants' pending motions to dismiss argues that he has adequately alleged TILA violations, the complaint presently only purports to state claims under RESPA and common law fraud.

No. C 10-00483 RS
ORDER

1   While neither the original complaint nor the First Amended Complaint reflects the fact that
2   the foreclosure has taken place, Gray now seeks by motion to (1) strike a prior stipulation to set
3   aside Central's default; (2) enter Central's default again, and, (3) set aside the sale. Defendants
4   Central Mortgage Company and MTC Financial, Inc. each move to dismiss. MTC also moves to
5   strike the allegations seeking punitive damages. Pursuant to Civil Local Rule 7-1(b), these matters
6   are suitable for disposition without oral argument.

7   Gray's motion to set aside the foreclosure sale is premised on his argument that Central
8   failed to comply with a stipulation that it would not foreclose prior to July 8, 2010 in exchange for
9   his agreement that default entered by the Clerk against Central on March 11, 2010 would be set
10  aside. Gray contends in so stipulating, he intended to ensure that the merits of his claims would be
11  considered prior to any foreclosure sale going forward. While it appears that Central may not have
12  acted as promptly as it could have to file responsive pleadings once the parties' stipulation to set
13  aside the default was approved by the Court, nothing in that stipulation required Central to respond
14  by any particular time, nor did it contain any provision that the foreclosure could not proceed until
15  there had been some determination on the merits of Gray's claims. Gray elected to file a First
16  Amended Complaint on July 9, 2010, to which Central timely responded on July 14, 2010. Central
17  honored the express terms of the stipulation that it would not foreclose prior to July 8, 2010.
18  Accordingly, there is no basis to strike the stipulation to set aside Central's default, to enter its
19  default now, or to set aside the foreclosure sale merely as a result of Central's failure to file
20  responsive pleadings at an earlier juncture. Accordingly, Gray's motion is denied.

21  Defendants' motions to dismiss and the motion to strike are denied without prejudice,
22  pending a determination as to whether Gray has standing to pursue this action. Gray apparently
23  filed for personal bankruptcy sometime shortly before this action was filed. There is no indication
24  that he listed his claims against defendants among his assets during the bankruptcy proceedings, and
25  it appears he may have affirmatively represented in those proceedings that he was not a party to any
26  lawsuits. There is nothing in the record reflecting an abandonment by the bankruptcy trustee of the
27  claims Gray is attempting to pursue here.

When a debtor declares bankruptcy, "all the 'legal or equitable interests' he had in his property became the property of the bankruptcy estate and are represented by the bankruptcy trustee. . . . . Causes of action are among such legal or equitable interests." *Turner v. Cook*, 362 F.3d 1219, 1225-1226 (9th Cir. 2004).  While a plaintiff in bankruptcy may have constitutional standing to pursue claims in his own name in another action, he lacks prudential standing to do so because he is no longer the "real party in interest."  *See In re Phenylpropanolamine Products Liability Litigation*, 2006 WL 2136722, *2 (W.D.Wash. 2006).[2]

Issues of prudential standing may properly be raised *sua sponte. City of Los Angeles v. County of Kern*, 581 F.3d 841, 845-846.  While a lack of prudential standing, unlike a lack of constitutional standing, does not present a jurisdictional bar, it remains one of the "threshold determinants of the propriety of judicial intervention." *Id*. at 845 (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).  Accordingly, within 20 days of the date of this order, Gray shall file a brief and any supporting declarations showing cause, if any he has, why he should be permitted to maintain this action in his own name.  Within 15 days thereafter, defendants may file responses.  The matter will then be taken under submission without additional briefing or oral argument, except as may be further ordered.

IT IS SO ORDERED.

Dated:  9/1/10

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[2]  Under some circumstances, a plaintiff can cure any prudential standing defect of this nature. *See Dunmore v. U.S.,* 358 F.3d 1107, 1112-1113 (9th Cir. 2004).  In others, obtaining a discharge can give rise to a judicial estoppel precluding later assertion of claims not disclosed as assets in the bankruptcy proceedings.  *See Hamilton v. State Farm Fire & Cas. Co*., 270 F.3d 778, 785 (9th Cir. 2001).  The legal effect of what occurred here remains to be determined.