*E-Filed 4/20/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

DORIAN W. GRAY,

      Plaintiff,

  v.

CENTRAL MORTGAGE COMPANY, et al.,

      Defendants.
_____/

No. C 10-00483 RS

**ORDER DISMISSING ACTION**

    Plaintiff Dorian Gray brought this action seeking injunctive relief to halt the non-judicial foreclosure of his home, and for damages arising from alleged violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 et seq. ("RESPA") and fraud. After the Court dissolved a temporary restraining order it had imposed enjoining foreclosure, the trustee's sale went forward and defendant Central Mortgage Company purchased the property.

    Upon disclosure that Gray had petitioned for bankruptcy shortly before this action was filed, the Court issued an order to show cause directing Gray to present such evidence and authority as he might have to establish that he has standing to pursue the claims asserted in this case notwithstanding the bankruptcy. The order observed that there was no indication that Gray listed his claims against defendants among his assets during the bankruptcy proceedings, and that it appeared he affirmatively represented in those proceedings that he was not a party to any lawsuits.

1  The order noted that nothing in the existing record reflected any abandonment by the bankruptcy
2  trustee of the claims Gray is attempting to pursue here.

3  In response to the order to show cause, Gray effectively concedes that his bankruptcy
4  schedules never listed the affirmative claims for damages he seeks to pursue in this action among
5  his assets.  Gray argues instead that the bankruptcy court and/or the trustee nonetheless were aware
6  that he held these claims, and that therefore they can be deemed to have been abandoned to him,
7  such that he has standing to pursue this action.  Gray contends that the trustee was aware of the
8  claims because he discussed the real property and the Central Mortgage's secured claim with the
9  trustee at the section 341 meeting of creditors, and the trustee thereafter issued a "no asset" report.
10 Similarly, Gray suggests the bankruptcy court knew of the claims because in the context of
11 opposing a motion for relief from stay, he argued that Central Mortgage lacked the right to
12 foreclose.  Gray advised the court that he had filed a complaint with the District Attorney, and that
13 he was considering filing an adversary proceeding (presumably in the bankruptcy court) for a
14 determination that Central Mortgage's lien against the property was void.

15 Gray has at most shown the bankruptcy court and trustee were aware that he believed he had
16 certain *defenses* to any efforts by Central Mortgage to foreclose on the property.  Additionally, even
17 to the extent the court or trustee could be presumed to have been "aware" that Gray also intended to
18 assert affirmative claims for damages, he has failed to show how that would excuse him from the
19 obligation to list those claims as assets on his bankruptcy schedules so that *all* potentially affected
20 parties could determine how to proceed.  Although it might not have made an actual difference to
21 any creditors in this particular case, failing to list an asset deprives creditors of the opportunity to
22 make informed decisions about objections they may want to bring.  Accordingly, Gray has not
23 established a basis on which the claims he is pursuing in this action could properly be considered to
24 have been abandoned to him, notwithstanding his failure to list them as assets in the bankruptcy
25 proceeding.

26 Accordingly, Gray lacks standing and this action must be dismissed.  Without opining as to
27 whether or not Gray could re-open the bankruptcy proceeding, this dismissal is without prejudice to

Gray's filing of a new action in the event he is able to cure his lack of standing. *See Dunmore v. U.S.,* 358 F.3d 1107, 1112-1113 (9th Cir. 2004). It is not clear whether Gray believes there are any grounds to set aside the foreclosure sale or whether he even wishes to pursue such a remedy. Again without opining as to whether any such claims are otherwise legally tenable, this dismissal is without prejudice to any challenge to the validity of the foreclosure on state law or other grounds that Gray may be able to assert separate and apart from the affirmative damages claims that he did not list among his assets during the bankruptcy.

IT IS SO ORDERED.

Dated:  4/20/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

No. C 10-00483 RS
ORDER